36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William G. WEST, Plaintiff-Appellant,
v.
Michael D. PARSONS; Michael Cody; Larry Fields; Brent
Crouse; Paul Battis; Twyla Snyder, Deputy
Warden; Susan Gilbert; John Doe,
Unknown Lexington Central
Control Officer,
Defendants-
Appellees.
 No. 93-6358.
 United States Court of Appeals, Tenth Circuit.
 Sept. 21, 1994.
 
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant William West, appearing pro se, appeals the district court's order granting summary judgment in favor of Michael D. Parsons, the Deputy Director of Offender Services for the Oklahoma Department of Corrections (DOC), and various other DOC officials. We remand.
 
 
 3
 William West, an inmate within the DOC, applied for a religious exemption from the DOC's Grooming Code, claiming that the cutting of his hair or beard would result in "a separation of [his] living soul from Jesus Christ." Rec., doc. 17, attach. F at 2. The DOC denied his request when it determined his religious beliefs were not sincerely held. Seeking declaratory and injunctive relief, Mr. West filed a civil rights action under 42 U.S.C.1983 alleging the DOC's Grooming Code and religious exemption review process violated his First Amendment right to freedom of religion and his Fourteenth Amendment rights to equal protection and due process of law. After the preparation of a Martinez report, the magistrate judge recommended summary judgment in favor of the DOC. The district court adopted the magistrate's report and recommendation and granted summary judgment in favor of the DOC. Rec., doc. 26, at 3.
 
 
 4
 The DOC has filed a motion to dismiss the appeal as moot because the DOC Grooming Code and religious exemption review process is no longer in effect. The DOC acknowledges, however, that the Grooming Code has been replaced by a Personal Hygiene Code "which will govern hair and beard length." Aplee. Br. at 4. Mr. West opposes the motion to dismiss arguing that the old Grooming Code has simply been moved into the new Personal Hygiene Code.
 
 
 5
 We have previously held that a prisoner's appeal from the denial of injunctive relief from DOC's grooming regulations will not be rendered moot simply because the DOC voluntarily changes certain regulations unless it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Longstreth v. Maynard, 961 F.2d 895, 900 (10th Cir.1992). While the newly-adopted Personal Hygiene Code appears to be somewhat more relaxed than the now-rescinded Grooming Code, see Aplee. Motion to Dismiss, exhs. A-C, the full details surrounding the new Personal Hygiene Code and its enforcement, especially with respect to religious exemptions, are not in the record before us. Accordingly, we are unable to determine on this record if the threatened harm is likely to recur. Given the prolonged history of the grooming code dispute, we remand to the district court for consideration of the mootness issue in light of the newly-adopted Personal Hygiene Code of the DOC. Mr. West's motion to proceed in forma pauperis and for a certificate of probable cause are granted.
 
 
 6
 REMANDED for further proceedings consistent herewith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470